UNITED STATES, Appellee,

v.

Michael L. PETERS, Private, U. S. Army, Appellant.

No. 31,215.

U. S. Court of Military Appeals.

July 2, 1976.

*Captain Ralph E. Sharpe* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Major Richard J. Goddard,* and *Captain Ronald Lewis Gallant.*

*Captain Richard A. Kirby* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain Richard S. Kleager.*

## OPINION OF THE COURT

PERRY, Judge:

In accordance with local Fort Riley procedure,[1] the appellant was placed in pretrial confinement at the order of the post's staff judge advocate upon the recommendation of the appellant's company commander. The charge lodged against the appellant was a single specification of larceny.[2] Approximately 2 months later, the appellant filed a motion for release from confinement before the court to which his case had been referred. The Government prosecutor considered the relevant facts incident to the above motion and concluded that the appellant should be released from such confinement. Prior to the scheduled hearing on the motion, the prosecutor advised the battalion commander concerning his conclusions. The battalion commander thereupon ordered the appellant's release. To that point, the appellant had spent approximately 60 days in pretrial confinement.

At trial, the appellant moved for appropriate relief for what he termed "illegal confinement." After hearing the testimony of Captain Lause, who represented the Government in the matter of the earlier motion, and Captain Theriault, the appellant's company commander who had recommended confinement prior to trial, the military judge ruled that the confinement was legal, but gave the appellant credit therefor in extenuation and mitigation.

In an appeal to this Court,[3] the appellant renews his attack on the legality of the pretrial confinement. First, he challenges the basis for the decision to confine him: that it was not made out of necessity to insure his presence at trial. Second, he claims a denial of due process of law and prejudice on account of the procedures then utilized at Fort Riley which permitted an accused to be confined prior to trial without any review of that decision by a neutral and detached magistrate. On each basis, the appellant must fail.

In *Courtney v. Williams,* 1 M.J. 267 (1976), we opined that after an accused initially is confined a neutral and detached magistrate must make a prompt decision whether the accused could and should be confined prior to his trial. As to whether an accused "could" be confined pending trial, the magistrate must decide the probable cause question, that is, whether there is probable cause to believe that a crime has been committed and that the accused committed it. *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). As to whether an accused "should" be confined pending his court-martial, a legitimate inquiry is whether pretrial confinement is necessary to insure his presence at his trial.[4] *See Court-*

---

1. Fort Riley Circular No. 27-10 (Oct. 22, 1974).

2. At trial, the appellant pleaded guilty to this transgression of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge, to forfeit $100 per month for 4 months, and to be reduced to the grade of Private E-1. The Army Court of Military Review has affirmed the conviction and sentence.

3. The appellant forwent appellate representation before the United States Army Court of Military Review.

4. What other if any basis or bases lawfully justify pretrial confinement need not now detain us. *Compare* Article 10, UCMJ, *with* Article 13, 10 U.S.C. §§ 810, 813 *and* paragraph 18*b*(3), Manual for Courts-Martial, United States, 1969 (Rev.), *with* paragraph 20*c.*

*ney v. Williams, supra,* 1 M.J. at 271, and *DeChamplain v. Lovelace,* 23 U.S.C.M.A. 35, 37, 48 C.M.R. 506, 508 (1974). This second inquiry must look not just to whether the original decision to confine the accused was founded in a concern to insure trial presence, but must extend to an examination of whether continued confinement is also necessary, for even if probable cause exists and even if the initial belief was well founded that confinement was necessary to insure presence of the accused, if the magistrate is of the opinion that continued confinement no longer is necessary to that end, the accused must be released.

In the case at bar, the appellant's company commander testified as follows concerning his reasons for recommending the appellant's pretrial confinement:

Let me go back, and then I'll give my reason why I justified putting him in confinement. Private Peters was suspected of, let's say, stealing numerous items within the Battalion, he was suspected of it. He had been threatened numerous times in Charlie Company by personnel in that Company, which is one of the primary reasons why he came to my unit. He was in my unit a short amount of time and he was also confronted with the same. When the offense was committed *it was my feeling because of threats made to him, because of the fact that we felt that he did commit the crime, that he would go AWOL,* I then instituted putting him into confinement, *because I felt that he wouldn't be there for the trial, so I initiated the action to put him into confinement.* [Emphasis added.]

It would appear, then, that a perceived necessity to insure the appellant's presence at his upcoming court-martial was in fact the impetus behind Captain Theriault's initiative. The military judge so found. Additionally, the trial judge ruled:

Now, in this case it seems to me that there was in fact probable cause. Both probable cause for believing that an offense had been committed, the offense of larceny, that the accused committed it, and that the accused might not show up for his trial.

Thus, as in *Courtney v. Williams, supra,* 1 M.J. at 271, through the military judge the appellant "has received, albeit untimely . . . a hearing before a neutral and detached body on the probable cause issue (and the ultimate issue)."

The one element missing from this case, then, and the only element missing, which would have been present had a *Courtney*-type of hearing occurred within a short time after initial confinement is a magistrate's determination whether continued confinement through the period in question was necessary to insure trial presence of the appellant. However, in direct answer to the appellant's question posed to us, whether he was prejudiced by the military judge's denial of his defense counsel's motion for appropriate relief due to this procedural omission, we must respond in the negative. The appellant has made no claim that the pretrial confinement in any way hampered the preparation of his defense or his participation therein. Also, we note that the appellant was released as soon as his motion testing the propriety of his continued confinement was made. Finally, it is not insignificant in our resolution of the claim of prejudice that the military judge did give the appellant credit for his pretrial confinement in extenuation and mitigation [5] and adjudged no sentence to confinement.

A supplemental issue granted review by this Court by order dated June 23, 1976, inquires whether the military judge himself had authority to suspend the bad-conduct discharge he adjudged against the appellant in this case, rather than merely to recom-

5. While this method of credit falls somewhere short of the full credit to which an accused normally would be entitled, *see United States v. Larner,* 1 M.J. 371 (1976), we are satisfied that substantial benefit has been afforded this ap-

pellant, considering that the adjudged and approved sentence includes no confinement at all, and that adjustment of the remaining portions of the sentence is not warranted in this case.

mend that the convening authority do so, a recommendation the latter determined not to follow. An identical issue now is pending decision in this Court in *United States v. Occhi*, No. 31,663, —— M.J. —— (petition granted Mar. 12, 1976), and the ultimate disposition of the issue necessarily will depend upon this Court's decision in that case.

The decision of the United States Army Court of Military Review is vacated, and this record is hereby remanded to that court with directions to hold further proceedings in abeyance pending this Court's disposition of the issue granted in *United States v. Occhi, supra.*

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

On the basis of the views expressed in my separate opinions in *Courtney v. Williams,* 1 M.J. 267 (1976), and *United States v. Larner,* 1 M.J. 371 (1976), I join in the affirmance of the decision of the Army Court of Military Review. I also join in the remand.