UNITED STATES

v.

Alfonso C. ALONZO, 452 86 3116, Private First Class (E–2), U. S. Marine Corps.

NCM 76 1831.

U. S. Navy Court of Military Review.

Sentence Adjudged 13 April 1976.

Decided 24 Nov. 1976.

LCDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

CEDARBURG, Chief Judge:

Consonant with his plea the appellant was found guilty of possession of 789 grams of marijuana in violation of Article 92, UCMJ, 10 U.S.C. § 892 and sentenced by military judge sitting alone as a special court-martial to a bad conduct discharge, confinement at hard labor for 118 days, forfeiture of $200.00 pay per month for five months and reduction to pay grade E–1. The convening authority approved the sentence but consistent with a pretrial agreement suspended on probation the execution of the confinement in excess of two months.

The appellant assigns the following as error:

THE CONVENING AUTHORITY'S ACTION IS INVALID.

At trial on 31 March 1976 the defense made a motion for the appellant's release from confinement. The appellant testified that his room was searched and he was charged with the current offense about 19 February 1976. He further testified that he continued in a duty status without any restrictions for about 25 days until 15 March, when he was confined. The trial counsel called Lieutenant Colonel C, the convening authority, as a witness to testify as to why the appellant was then confined. After argument by counsel for both sides the trial judge granted the motion and ordered that the appellant be released from confinement pending resumption of the trial on 13 April. He did not however, provide any explanation for his action in releasing appellant. The record does not reveal whether he determined the pretrial confinement was not justified initially because of lack of probable cause or if, despite a finding of probable cause, he believed pretrial confinement should not have been effected; or whether he felt that continued pretrial confinement, initially proper, was no longer necessary at the time of the ruling.

On 13 April at the second session of trial the accused moved for dismissal of the charges or in the alternative credit of five days for each day of pretrial confinement which he asserted had been ordered in violation of Article 13, UCMJ, as punishment. In the words of the defense counsel a portion of the convening authority's testimony "forms the entire basis for our motion." That testimony, in answer to questions posed by the military judge, was as follows:

Question: Colonel, you've indicated that you ordered the search that was conducted on the 19th of February, was the defendant a specific suspect at that time?

Answer: Yes, sir.

Question: Now, you've indicated that it's your practice to wait until, at least with marijuana there is a confirmed analysis before you place a man . . .

Answer: With all drugs.

Question: In your decision making process, what effect, if any, did the fact that Alonzo was in a full duty status and a full liberty status for 25 days have before you incarcerated him? What part of your decision making process did that pose.

Answer: Well, I considered it, but I thought too that there was a possibility that the analysis which could be lost. We've had cases where the analysis was lost. If so, we wouldn't have a case against him at all, and therefore he would go scott free. So in order to get around the fact that the possibility that he would beat the rap that way the seriousness of the charge with that amount of marijuana, I felt that he may be, may have considered himself having a reason to go over the hill again.

The military judge in ruling on the motion stated, "I'm going to grant the motion in part. I'm going to deny that portion of the motion that relates to a dismissal. I don't feel that dismissal is appropriate under the circumstances. I will grant the motion in—for appropriate relief in the nature of meaningful reassessment. I do not however, feel that 5 to 1 is reasonable, Mr. K. I will grant 2 to 1." Record p. 17.

The predicate for remedial action is a wrong suffered by the person seeking redress. I therefore conclude that the military judge found that the convening authority had imposed pretrial confinement as punishment rather than for legitimate permissible purposes and that he considered the appropriate remedy to be two days credit for each day of illegal pretrial confinement which had been served. The quoted portion of the convening authority's testimony on which the military judge's ruling had to be founded was ambiguous and incomplete at best. The testimony is susceptible of a conclusion other than that the pretrial confinement was deliberately imposed by the convening authority for punishment. This is especially true in view of the inelegant syntax apparent in the testimony. However, no clarification of what was intended by the convening authority was sought by the military judge or counsel either at the time of his testimony or the time the motion to dismiss was made. It should have been fully explored at that time. The correctness of the ruling depended upon a factual determination of why pretrial confinement had been ordered. The record is woefully incomplete to factually support the severe indictment of the convening authority implicit in the ruling of the military judge.

■ I accept for purposes of the case, the determination of illegal pretrial confinement made by the military judge and the grant of remedial credit despite the lack of a firm factual basis for that determination. A supplemental hearing (*United States v. Ray*, 20 U.S.C.M.A. 331, 43 C.M.R. 171 (1971); *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) ), at this time

to clarify the testimony of the convening authority on the interlocutory question of whether there was a deliberate imposition of illegal confinement would not significantly affect the outcome of this case. I do wish to express however, that I view as a flagrant violation, requiring more significant corrective action than two for one confinement credit, deliberate imposition of pretrial confinement for punishment purposes. The authorities taking the action which we will direct herein, should carefully weigh the adequacy of the relief already granted by the military judge.

■ An initial action by a different convening authority is required under the circumstances of this case. The military judge, in ruling on the motion for dismissal or alternative relief, predicated on pretrial confinement imposed for punishment purposes, partially granted and partially denied the motion. Accordingly, the convening authority was required by law to review the portion denied seeking dismissal. In so doing he was put in the position of weighing the meaning of his own testimony. In the language of *United States v. McClenny*, 5 U.S.C.M.A. 507, 18 C.M.R. 131 (1955), "Faced with this choice, his evaluation of the evidence could hardly be free from personal interest." He was disqualified from impartially fulfilling this duty and the appellant was prejudiced thereby in his review of the case.

The actions of the convening and supervisory authorities are set aside. The case is returned to the Judge Advocate General for review by a different convening authority and a new supervisory review.

BAUM, Judge (concurring):

I concur with the action returning the record for a new review by a different convening authority and in the rationale for so doing. I feel it necessary, however, to point out that this does not mean concurrence with appellant's assertions. The appellant contends that the convening authority was disqualified from acting in this case because "it was unavoidable for the convening authority to weigh his own testimony

against or in light of the action of the military judge in directing appellant's pretrial release and granting him two for one credit against the confinement adjudged in determining whether appellant's request to return to duty ought to be granted." I disagree. The judge, in granting the defense motion requesting release from pretrial confinement, resolved that matter with finality and left the convening authority with nothing to review with respect to that action. It does not necessarily follow that the convening authority could not then avoid weighing his own testimony bearing on that issue when acting on the sentence. The convening authority's testimony was of an official or disinterested nature, rather than as a partisan witness, and it did not bear on the sentence or on the question of the accused's return to duty. Accordingly, I would not disqualify the convening authority for the reasons put forward by appellant. If confronted with them alone I would find the convening authority able to act in this case. As the Chief Judge points out, however, the convening authority was disqualified from reviewing the judge's denial of defense's motion for dismissal or five to one confinement credit, since it was based solely on the convening authority's testimony as to his reasons for confining the accused.

This issue resolved, it is essential that the new reviewing authority understand the law respecting pretrial confinement and, particularly, how it relates to this case. Since *Courtney v. Williams*, 1 M.J. 267 (1976) and *United States v. Peters*, 1 M.J. 445 (1976), it has been clear that two distinct determinations must be made before pretrial confinement may be ordered. The first question which must be answered is whether the accused *can* be detained, *i. e.* that there is probable cause to believe that a crime has been committed and that the accused committed it. After that threshold decision, it must then be concluded that confinement *should* be effected, in order to lawfully imprison a suspected offender.

The *Manual for Courts-Martial, 1969* (Rev.), par. 20c sets forth two grounds for such confinement: (1) that it is necessary to ensure the accused's presence for trial or (2) because of the seriousness of the offense. Given a proper initial decision by a commanding officer to confine, it may be determined, subsequently, by a magistrate or judge, that continued confinement is no longer necessary. In the instant case the convening authority testified that he delayed confining the accused for 25 days until he had laboratory results confirming marijuana. Such testimony could be considered to amply support the probable cause requirement. He further testified that once the laboratory analysis was received the accused had reason to be concerned about his fate and because of an earlier unauthorized absence the convening authority believed confinement was necessary at that point to ensure presence. This testimony could be considered by a reviewing authority to satisfy the second determination. The judge, later at trial, ordered the accused released, after 16 days confinement, presumably because he either disagreed with the convening authority's initial concern about the accused remaining for trial or because he now thought there was no longer a danger of the accused running. In either event, the actions of *both* the judge and convening authority, at that point, could be considered to be proper and in accord with the law. Another possibility was raised, however, by trial defense counsel's subsequent motion— that the convening authority, in fact, had an ulterior and overriding motive for confining, namely to ensure that the accused was punished, should the case against him fall through for some reason. I consider this a serious charge, which, if correct, should result in strong corrective action. The Chief Judge concludes that the trial judge must have found the convening authority guilty of such misconduct in order to have granted the two for one confinement credit. I am not so sure that this conclusion must necessarily follow from the

judge's action. Since he did not explain his action I am of the view that upon being confronted with a motion for relief from the confinement he had already terminated he may have felt justified in granting credit for the same reasons that prompted him to release the accused and that these reasons may not have reached the level of finding that the convening authority had deliberately ordered the confinement as punishment. I would need more evidence in support of such a proposition before reaching that conclusion. Judges and reviewing authorities, however, should understand that if they conclude from the evidence in a case that a commanding officer has deliberately violated a fundamental right such as the one asserted here, proper remedies are mandated. In this regard I feel compelled to express my view that the time is long overdue for authorities to take appropriate action when confronted with violations of Article 98, UCMJ.

GLASGOW, Judge (concurring in the result):

I concur with the Chief Judge in returning this case for a new review by a different convening authority.

In the opinion of this author the testimony of the convening authority on the reason for confining the appellant on 15 March 1976 is ambiguous but he in effect stated that he had confined the appellant to insure his presence at trial. I do not believe that the trial judge found that the pretrial confinement was for punishment purposes and see no evidence to support that theory. I also note that the staff judge advocate was unclear in his advice on this matter. He advised the supervisory authority that such confinement was to insure the appellant's presence at trial and also that it was improper under the circumstances. However, I would merely return the case for new reviews and reserve decision on the other issues until such time as this case is returned to this Court for completion of its review.