## UNITED STATES

v.

## Terry W. HOLMES, 430 15 5675, Private (E-1), U. S. Marine Corps.

### NCM 76 2561.

U. S. Navy Court of Military Review.

16 March 1977.

LT Paul C. Hurdle, III, JAGC, USNR, Appellate Defense Counsel.

CAPT Charles P. Mackin, Jr., USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error and the government's reply thereto and have concluded that the findings of guilty to the four closely related but separate offenses to which appellant pleaded guilty are correct in law and fact.[1] The circumstances of this case reveal the taking of $140 in currency from the room of a friend by another Marine, with the assistance of appellant, but the record also reflects that: appellant received no benefit; was anxious to and volunteered to make

---

1. Prior to trial the convening authority agreed that the appellant's plea to "wrongful appropriation" in lieu of "larceny", would be accepted.

restitution; still retains the friendship of the victim; is only 19 years old, with rehabilitation potential; has earnestly requested a second chance; and, the military judge concluded appellant acted "more from dumbness than greed" and saw "potential for further service in the Marine Corps" in recommending suspension of the bad conduct discharge. Under all the circumstances, we find an unsuspended bad conduct discharge inappropriate.

The findings of guilty as approved below are affirmed. Only so much of the sentence as provides for confinement at hard labor for seven months and forfeiture of $150 pay per month for seven months is affirmed.

BAUM, Judge (concurring):

I concur with my brothers in their evaluation of this case and their action on the sentence. In addition, I feel comment is warranted concerning appellant's assertion of illegal pretrial confinement for the period 13 to 26 August 1976. This matter was raised for the first time at the appellate level and is based on the failure of the record to reflect that a hearing had been held pursuant to *Courtney v. Williams,* 24 U.S.C.M.A. 87, 51 C.M.R. 260, 1 M.J. 267 (1976), as well as on what appeared to appellant to be lack of justification for confinement on the face of the record.

Appellant argues that it must be presumed that a hearing on the legality and continuation of pretrial confinement was not held since the record does not so indicate. I disagree. It is incumbent upon the accused to pursue such a matter at the appropriate time—before trial and again at trial if appropriate action has not been taken. Failure to do so constitutes waiver and it will not be presumed that there was noncompliance with *Courtney, supra,* simply because there is no affirmative showing on the record. There is no requirement that the government demonstrate compliance when the issue is not raised by the accused.

With respect to the facts bearing on confinement that appear in the record, I agree that an almost three months delay in con-

finement, when coupled with the fact that the restraint was ordered on the same day that punishment was meted out under Article 15, UCMJ, raises a suspicion that the confinement may have been ordered as punishment. Again, however, with nothing concerning this matter having been raised by the accused at trial, it must be presumed that there was an explanation that rendered the confinement lawful and that any issue in this regard has been waived. It is incumbent upon counsel to take timely and appropriate action on such matters at the trial level in order to preserve these issues for review on appeal. With nothing more than a bare suspicion of possible wrongdoing, action at this stage would be inappropriate. I reiterate, however, my views on this subject as expressed in my concurring opinion in *United States v. Alonzo,* 54 C.M.R. 405, 1 M.J. 1044 (N.C.M.R.1976), where the defense counsel's motion at trial raised the possibility of pretrial confinement having been ordered as punishment. As I said there, I consider this a serious charge, which, if correct, should result in strong corrective action, including accountability under Article 98, UCMJ. Defense counsel will be well advised to pursue and develop these matters at the proper time when they can do the most good for their clients—that is, when they are locked up prior to trial.