**Thomas Edward KELLY, Private, U. S. Army, Petitioner,**

v.

**UNITED STATES and Commanding Officer, United States Disciplinary Barracks, Respondents.**

**Miscellaneous Docket No. 75–44.**

U. S. Court of Military Appeals.

Sept. 30, 1975.

*Captain Robert D. Jones* argued the cause, and *Colonel Alton H. Harvey* entered an appearance, for Petitioner.

*Lieutenant Colonel Donald W. Hansen* argued the cause for Respondents.

## MEMORANDUM OPINION

Petitioner in this Petition for Extraordinary Relief asks that we order his immediate release from the United States Disciplinary Barracks pending the convening authority's decision whether to refer this case to trial or to dismiss the charges and that we grant such other relief that the Court deems just and equitable.

Petitioner avers that he was tried by general court-martial on April 21, 1975, and that he was sentenced, inter alia, to a dishonorable discharge and confinement at hard labor for 18 months. On August 14, 1975, the United States Army Court of Military Review set aside the findings and the sentence and authorized a rehearing. In his petition, dated September 9, 1975, petitioner states that no charges have been preferred against him and that he has not been advised of his status although he has remained in confinement at the Disciplinary Barracks. Petitioner challenges the failure to refer charges to trial and his being kept in the Disciplinary Barracks contrary to Army Regulation 190–4.

During oral argument on the petition, counsel for respondents informed us that the convening authority had referred petitioner's case to a court-martial on September 19, 1975, the same day that we ordered oral argument on the petition. Moreover, counsel for respondents informed us that the convening authority had both approved continued confinement for petitioner on September 18, 1975, and directed that Disciplinary Barracks personnel obtain the approval to keep petitioner in the Disciplinary Barracks as required by paragraph 1–3, Army Regulation 190–4.

Based on these factors, counsel for respondents argue that the petition is moot since petitioner has received the relief that he seeks—that his case be referred to trial. While petitioner does indeed request that we order his release pending the convening authority's decision regarding referral of the charges, and that referral has now taken place, recent pronouncements of the Supreme Court,[1] and other federal courts,[2] on the pretrial confinement issue require that we not acquiesce to the respondents' mootness argument. This is especially so in view of the apparent confinement of petitioner contrary to the provisions of Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813, and Army Regulation 190–4.

---

1. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

2. *See, e. g., DeChamplain v. Lovelace*, 510 F.2d 419 (8th Cir. 1975), *judgment vacated as moot*, 421 U.S. 996, 95 S.Ct. 2392, 44 L.Ed.2d 664 (June 3, 1975).

■ Respondents also urge that we ignore petitioner's petition because it does not, on its face, show proof of service on respondents. Rule 23A, Rules of Practice and Procedure, United States Court of Military Appeals. We decline to hold this *in propria persona* petitioner absolutely responsible for knowing all of our rules. Here, we have provided respondents with notice of his petition and they have had full opportunity to present argument on the petition.

■ Because of respondents' apparent disregard for petitioner's continued confinement in contravention of both the Code and Army regulations, we are compelled to exercise our extraordinary writ authority[3] to issue writs of mandamus. Therefore, we are returning this petition to the United States Army Court of Military Review in order for that Court to exercise its extraordinary writ authority. That Court will take action upon the petition within 5 days of the receipt of this order.

COOK, Judge (dissenting):

I dissent to the Court's memorandum opinion in this case and in *Thomas v. United States*, 23 U.S.C.M.A. 570, 50 C.M.R. 789, 1 M.J. 175 (1975).

In each proceeding, the petitioner alleges he is "not under charges" and is being improperly detained in the United States Disciplinary Barracks. The respective allegations as to the charges are incorrect. Both petitioners had been convicted by court-martial. The convictions were set aside on appellate review, but the charges were not dismissed; instead, a rehearing was authorized as to each petitioner.

Kelly's petition was received by this Court, on September 16, 1975; the *Thomas* petition was received on September 10. On September 19, we directed that arguments be had on the petitions, and these were presented on the 22nd.

At argument, we were advised that, as to each petitioner, a determination has been made by competent court-martial authority that the petitioner be held in confinement pending retrial of the outstanding charges against him, and further that the charges have been referred to a court-martial for trial. No claim was made, and no evidence was presented, challenging the correctness of the decision as to pretrial confinement. I must assume, therefore, that there was compliance with Article 9(d), Uniform Code of Military Justice, 10 U.S.C. § 809(d), insofar as the required determination for the necessity for pretrial confinement is concerned. Similarly, the validity of the reference of the charges to trial is unchallenged. What each petition comes down to, therefore, is a contention that the petitioner's pretrial confinement cannot be in the United States Disciplinary Barracks, not because it is more onerous than pretrial confinement in another facility, but because Army Regulation 190–4, paragraph 1–3(3), provides that "confinement of detained prisoners in disciplinary barracks . . . pending their trial by courts-martial is not authorized," except when expressly allowed by the Director of Human Resources Development on the basis of a showing of "exceptional circumstances."[4]

We were informed at argument that subsequent to the referral to trial of the charges, assigned counsel for one of the petitioners specifically requested that he not be transferred to another confinement facility, but be retained at the Disciplinary Barracks. As even a constitutional right can be voluntarily surrendered, I am certain

---

**3.** *Noyd v. Bond*, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); *Newsome v. McKenzie*, 22 U.S.C.M.A. 92, 46 C.M.R. 92 (1973) (Duncan, Judge, dissenting); *United States v. Snyder*, 18 U.S.C.M.A. 480, 40 C.M.R. 192 (1969); *United States v. Bevilacqua*, 18 U.S.C.M.A. 10, 39 C.M.R. 10 (1968); *Gale v. United States*, 17 U.S.C.M.A. 40, 37 C.M.R. 304 (1967); *United States v. Frischholz*, 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966).

**4.** The regulation provides that approval for pretrial confinement in the Disciplinary Barracks is by the Provost Marshal General. However, the functions of that office were reassigned. General Orders No. 10 and 26, Headquarters, Department of the Army, 1974.

that the petitioner could waive the right not to be placed in pretrial confinement at the Disciplinary Barracks without the approval of the Director of Human Resources Development. For myself, I would accept counsel's consent to retention of his client in the Disciplinary Barracks as sufficient to constitute a waiver of the requirement of Army Regulation 190–4,[5] I would, therefore, deny that petition as moot. However, the action the majority in both cases suggests that, in its opinion, waiver of the regulation can only be on the basis of a personal and written consent of an accused.[6] If that view of the matter is correct, then, in my opinion, before the Court orders petitioners' release from the Disciplinary Barracks it should first ascertain whether they have, in fact, refused to consent to retention at the Barracks. As far as the Court knows, the petitioners may already have consented, with the result that the order now issued is not only premature, but improper.

Implicit in the majority's statement that the respondents have contravened Article 13 of the Uniform Code is an assumption that pretrial confinement in the Disciplinary Barracks is more onerous than pretrial confinement in other types of facilities. There is just no evidence to sustain that assumption. We know from other cases before this Court that the Disciplinary Barracks maintains adequate facilities providing for separation of prisoners whose convictions are final from those whose cases are still on review and, therefore, cannot be treated as sentenced prisoners. *Reed v. Ohman,* 19 U.S.C.M.A. 110, 41 C.M.R. 110 (1969). If assumptions are appropriate, I believe they are that the officials at the Barracks know that a prisoner in pretrial confinement must be separated from, and be assigned tasks different from, sentenced prisoners and that they will observe those differences. For these reasons, I respectfully dissent.

---

5. *United States v. Cambridge,* 3 U.S.C.M.A. 377, 12 C.M.R. 133 (1953).

6. *See United States v. Dean,* 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970).