Corporal (E–4) Mark J. SILK, SSN 049–50–2362, United States Army, Petitioner,

v.

LTC Ralph L. LURKER (Military Judge) and LTC Robert S. Frix (Commander) and MG Richard E. Cavazos (Convening Authority) and his Successors, and the United States of America, Respondents.

**Misc. Docket No. 77–1.**

U. S. Army Court of Military Review.

14 Oct. 1977.

---

**584**

Lieutenant Colonel John R. Thornock, JAGC, Captain Andrew W. Maron, JAGC, and Captain John O. Ellis, Jr., JAGC, represented the petitioner before the Court.

Major Steven M. Werner, JAGC, and Captain Richard A. Kirby, JAGC, represented the respondents before the Court.

Before CARNE, COOK and COSTELLO, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF

COSTELLO, Judge:

Petitioner has been confined since 13 August 1977 on two charges of murder and one of wrongful appropriation in violation of Articles 118 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 918 and 921, respectively. He has petitioned for release unsuccessfully to the local military magistrate, the military judge of the court to which his charges have been referred for trial and to the convening authority. His present action is a new Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus, Mandamus, or Other Appropriate Relief. At proceedings in chambers within 24 hours of receipt of the Petition, we learned that the trial scheduled for 7 October 1977 has not been held and that the basis for this Petition is substantially the same as asserted below.

Granting that Petitioner has exhausted his practical remedies below, we deny the Petition.

■ The writ of habeas corpus is not the creature of the legislature. *Rowe v. Pey-*

*ton*, 383 F.2d 709 (4th Cir. 1967), *aff'd*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 420 (1968). Its availability is general in the Anglo-American tradition, though access to it may be protected by the Constitution or a statute. *Ex parte Yerger*, 8 Wall. 85, 75 U.S. 85, 96, 19 L.Ed. 332 (1868). In the armed forces the initial decisions of commanders to restrain persons subject to their orders are reviewable for abuse of discretion. *Porter v. Richardson*, Misc. Docket 75–38 (1975); *Phillippy v. McLucas*, Misc. Docket 75–36 (1975); *see also, Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), and *Collier v. United States*, 19 U.S.C.M.A. 511, 42 C.M.R. 113 (1970).

The foregoing cases involved initial applications for relief at the highest military legal level. In the first two listed, the causes were remanded to the trial level for hearings to establish the propriety or impropriety of the detention. In the other two, appropriate relief was ordered from the level to which application was made. As noted, this case is an appeal from a trial level determination to the intermediate appellate level. We do not find the principles different in this unprecedented factual setting.

■ The power of military courts generally to grant relief from improper pretrial restraint is established. *Courtney v. Williams*, 24 U.S.C.M.A. 87, 51 C.M.R. 260, 1 M.J. 267 (1976). This Court, too, has acted on matters ancillary to "findings and sentence as approved by the convening authority," considering the propriety of a convening authority's vacation of a suspended sentence. *United States v. May*, 49 C.M.R. 625 at p. 626 (A.C.M.R.1974). *See also, United States v. Burd*, 49 C.M.R. 630 (A.C.M.R. 1974). These cases relied on *United States v. Andreason*, 23 U.S.C.M.A. 25, 48 C.M.R. 399 (1974), arguing that because the terms of basic powers granted both courts are the same, their ancillary powers are also the same. *May, supra* at 626. This analysis was validated with respect to extraordinary writs when, in *Kelly v. United States*, 23

U.S.C.M.A. 567, 50 C.M.R. 786, 1 M.J. 172 (1975), upon a demand for release from "pretrial confinement," the Court of Military Appeals said:

Therefore, we are returning this petition to the United States Army Court of Military Review in order for that Court to exercise its extraordinary writ authority. *Id.* at 23 U.S.C.M.A. 568, 50 C.M.R. 787, 1 M.J. 174.*

*Kelly* also put to rest the uncertainty sometimes voiced that this Court could not exercise powers vested in the Court of Military Appeals. That question arose during our determination that this Court has "inherent power and authority . . . to grant the extraordinary relief sought . . . ." *United States v. Draughon*, 42 C.M.R. 447, 453 (A.C.M.R.1970) [En Banc].

Obviously, our extraordinary writ practice is new and *ad hoc*. In such circumstances, emulation of what the legislature has deemed adequate for like problems elsewhere is both orderly and fair. In federal civilian practice a petition for a writ of habeas corpus may be addressed to either trial or appellate courts, but the appellate courts may refer initial petitions to the appropriate district. 28 U.S.C. § 2241. Once the application has been heard and determined by one United States court or judge "a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States . . . unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application . . ." 28 U.S.C. § 2244(b). *United States ex rel. Wilson v. Follette*, 438 F.2d 1197 (2d Cir. 1971), *cert. denied*, 402 U.S. 997, 91 S.Ct. 2182, 29 L.Ed.2d 163 (1971).

Petitioner has had his adjudication and a review not available to his civilian counterpart. The Petition is denied.

* We note in passing that the very next line of the Court of Military Appeals opinion obliged us to respond within five days.

Senior Judge CARNE concurs.

Judge COOK absent.