Private (E-2) Joseph A. SENA, III, SSN 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, United States Army, Petitioner,

v.

UNITED STATES, Respondent.

CM 436925.

U. S. Army Court of Military Review.

18 Dec. 1978.

█

---

9. *See* n. 7, *supra.*

Major Benjamin A. Sims, JAGC, and Captain Richard E. Connell, JAGC, were on the pleadings for the petitioner.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, and Captain William J. Douglas, JAGC, were on the pleadings for respondent.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF FOR WRIT OF ERROR CORAM NOBIS OR A WRIT OF HABEAS CORPUS OR OTHER APPROPRIATE RELIEF

THORNOCK, Judge:

The petitioner is before this Court a second time as a result of his petition for extraordinary relief. His first appearance resulted in an affirmance of his conviction.

I

Petitioner was tried and convicted by a general court-martial for robbery and conspiracy to commit robbery in violation of Articles 122 and 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 922 and 881, respectively. On 5 January 1978 he was sentenced to a dishonorable discharge,

confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private (E–1). Petitioner plead guilty to the charges pursuant to a pretrial agreement that provided *inter alia* for suspension of forfeitures in excess of $197.00 pay per month.

During his first appearance, the petitioner's case was submitted on its merits, without assignment of error, for review by this Court in accordance with Article 66(b), UCMJ, 10 U.S.C. § 866(b). On 17 April 1978 the findings and sentence were affirmed. No petition for grant of review was filed in the United States Court of Military Appeals and a final order was issued on 23 June 1978. On 13 October 1978 the petition herein was filed and on 24 October 1978 the Government was ordered to show cause within 21 days why the petition should not be granted. On 14 November 1978 the Government responded.

## II

█ The petitioner now alleges by his application for writ of error coram nobis that his plea of guilty was improvident and that as a result he is being wrongfully detained against his will. Notwithstanding the finality of his conviction in accordance with Article 76, UCMJ, 10 U.S.C. § 876, he urges as a basis of our jurisdiction to hear the petition, the All Writs Act, 28 U.S.C. § 1651. It is clear that this Court has jurisdiction to hear the petition and possesses the power to issue writs in aid of its jurisdiction. *Kelly v. United States,* 1 M.J. 172 (C.M.A.1975); *Silk v. Lurker,* 4 M.J. 583 (A.C.M.R.1977); *Brooks v. United States,* 2 M.J. 1257 (A.C.M.R.1976); and *United States v. Draughon,* 42 C.M.R. 447 (A.C.M.R.1970). Accordingly, we conclude that in the case *sub judice* jurisdiction attaches in this Court.

## III

Having disposed of the issue of jurisdiction to act on the petition, we turn now to the issues raised therein. After lengthy in-chambers discussions and careful review of the petition and the complete record of the case, we conclude that a writ of error coram nobis does not lie. Our disposition of that petition moots the necessity to discuss the habeas corpus question.

█ It is well established in the law that "[coram nobis] is extraordinary relief predicated upon 'exceptional circumstances' not apparent to the *court* in its original consideration of the case" (emphasis added). *United States v. Frischolz,* 16 U.S.C.M.A. 150, 153, 36 C.M.R. 306, 309 (1966). Petitioner alleges that the "exceptional circumstances" herein is one of a mistaken understanding by the petitioner of the *effect* of a provision of his pretrial agreement with the convening authority; and further, that the petitioner did not become aware of that mistake until after the final action was taken in his case. He now alleges that because of that mistake his plea of guilty was improvident and that we should reopen his case, vacate the final order and order a rehearing. This we decline to do.

The operative portion of the pretrial agreement provided *inter alia:*

> The Convening Authority further agrees to suspend, so long as the accused supports his wife and child, that portion of any forfeiture adjudged in excess of $197.00 per month for a period of two (2) years from the date of action by the Convening Authority.

Petitioner's entitlements to pay terminated on 6 October 1978, his date of expiration of term of service (ETS).[1] Petitioner by affidavit now states, in sum, that he believed he would continue to receive at least $197.00 per month for the entire two years of his confinement. He further alleges he was not informed by his counsel or the military judge of the effect his ETS date would have upon his pay. This mistake, he urges, should vitiate the finality of the former proceedings.

---

1. Paragraph 10316b(2), Department of Defense Military Pay and Allowances Manual (1 Jan. 1967) as changed by Change 42 (19 Mar. 1976).

The military judge thoroughly and completely inquired of the petitioner's understanding of the provisions of the pretrial agreement as mandated by *Care, Elmore, Green* and *King*.[2] The petitioner was unequivocal in his answers, and he was well represented by counsel both at the trial level and on appeal.[3] The military judge found his plea to be provident. This Court so held in its initial consideration and we reaffirm that decision in our action herein.

■ We specifically decline to extend the requirements for a military judge's providence inquiry into collateral matters,[4] even though noble those matters may be. The United States Court of Military Appeals has stated:

[It is] our belief that pretrial agreements are properly limited to the exchange of a plea of guilty for approval of a stated maximum sentence. Attempting to make them into contractual type documents . . . substitutes the agreement for the trial and, indeed, renders the latter an empty ritual. *United States v. Cummings,* 17 U.S.C.M.A. 376, 380, 38 C.M.R. 174, 178 (1968).

*See also United States v. Troglin,* 21 U.S.C. M.A. 183, 44 C.M.R. 237 (1972); *United States v. Hamil,* 15 U.S.C.M.A. 110, 35 C.M.R. 82 (1964); and *United States v. Rodgers,* 49 C.M.R. 268 (A.C.M.R.1974). The military judge adequately inquired into the plain language of the agreement. In so doing he fulfilled his duty admirably.

■■ It is horn book law that citizens are presumed to know the law. Military law extends that presumption even further in that actual knowledge of general orders and regulations need not be alleged or proven in prosecutions for violation of those orders or regulations. *See* paragraph 171, Manual for Courts-Martial, United States, 1969 (Revised edition). The Department of Defense Military Pay and Allowances Manual is a "general regulation" issued by the Secretary of Defense in implementation of Title 37 U.S.Code. As such, it falls within the category of laws and regulations soldiers and *their attorneys* are presumed to know.[5]

■■ Viewing the matters presented in the light most favorable to the petitioner we do not find that any mistaken understanding alleged by him materially affected the providence of his plea,[6] and that the

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Elmore,* 1 M.J. 262 (C.M.A.1976); *United States v. Green,* 1 M.J. 453 (C.M.A.1976); *United States v. King,* 3 M.J. 458 (C.M.A.1977).

3. We note from the record that the petitioner had the services of two defense counsel during the pretrial and trial phase of his case. On his first appearance before this Court three appellate defense counsel were on the pleadings of his case, two of those appellate counsel are on the petition herein.

4. *See United States v. Price,* 4 M.J. 849 (A.C.M. R.1978).

5. We are aware of the substantial burden this presumption places on all attorneys. We are also mindful of the United States Court of Military Appeals' direction of placing on defense counsel the proper and weighty responsibilities demanded by the standards and ethics of the legal profession. This direction is typified by *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), and the responsibility for waiver of error imposed on defense counsel by that ruling. Such high standards of professional conduct are proper and demand that defense counsel fully

advise each accused of the ramifications and practical effects of his plea. It is axiomatic that defense counsel have a responsibility to become fully informed. This is particularly important in instances of plea bargaining where partial forfeitures are part of the bargain or if some other unusual provision is included in the agreement.

6. In *United States v. Brown,* 4 M.J. 654 (A.C.M. R.1977), at 656, Senior Judge Fulton made an observation particularly apropos to the case *sub judice:*

The designated counsel are government lawyers, assumed to be familiar with the myriad laws and regulations pertaining to military status, or, at least, able readily to obtain authoritative interpretations. Among such laws, for example, are those that may require a measure of restitution even without any agreement, those prohibiting pay while confined with a suspended dishonorable discharge, *those resulting in nonentitlement to pay while confined after the expiration of a term of service,* and those potentially restricting civilian employment (emphasis supplied, footnotes omitted).

We conclude as did Senior Judge Fulton that, "[w]e are not prepared to say that assigned

"exceptional circumstances" necessary to invoke the writ of error coram nobis are not present in this case. *United States v. Frischolz, supra.* Accordingly, the petition is denied.

Chief Judge DE FIORI and Senior Judge CARNE concur.

counsel's misadvice as to the incidents of a particular sentence could not render his client's guilty plea improvident." However, assuming *arguendo,* that petitioner's counsel was totally silent on this matter, or worse yet, misadvised the petitioner, we are not persuaded that the petitioner's guilty plea was thereby improvi-

dently entered by him or accepted by the military judge. To be sure, there are instances where absence of advice or misadvice can go to such substantial rights of an accused as to cause a reversal. The case herein was not one of those instances. See for example, *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977).