Sergeant First Class Howard R. BARNETT, United States Army, Petitioner,

v.

Major General Wilton B. PERSONS, Jr., the Judge Advocate General, United States Army, Respondent.

Misc. Docket No. 1978/1.

U. S. Army Court of Military Review.

10 March 1978.

Captain Robert V. Masenga, JAGC, represented the petitioner before the Court.

Before FULTON, MOUNTS and TAL-IAFERRO, Appellate Military Judges.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

PER CURIAM:

■ On 3 September 1976, petitioner was convicted by a special court-martial not empowered to adjudge a bad-conduct dis-

charge and was sentenced to be reduced to the grade of Sergeant First Class (E–7). The adjudged sentence was approved and ordered executed by the convening authority. The record of trial was then reviewed pursuant to Article 65(c), Uniform Code of Military Justice, 10 U.S.C. § 865(c), and paragraph 94a(2), Manual for Courts-Martial, United States, 1969 (Revised edition), and became final. Then, in accordance with Article 69, Uniform Code of Military Justice, and chapter 13, AR 27–10, petitioner twice filed Applications for Relief to The Judge Advocate General, alleging that error prejudicial to his substantial rights was committed during the trial. Both Applications for Relief were denied. Petitioner now seeks a Writ of Mandamus from this Court ordering The Judge Advocate General to vacate his conviction. We have determined that we are without jurisdiction to entertain the petition and will dismiss it.

■ The petitioner misperceives the jurisdictional parameters of this Court's authority to grant extraordinary relief. It is clear that we possess such extraordinary writ authority as is embodied in the "All Writs Act," 28 U.S.C. § 1651. *Kelly v. United States,* 23 U.S.C.M.A. 567, 50 C.M.R. 786, 1 M.J. 172 (1975); *United States v. Draughon,* 42 C.M.R. 447 (A.C.M.R.1970) (En banc). That authority is not without limits, however. As stated in *United States v. Draughon, supra* at 450–1, "[T]he Act expressly declares and recognizes the existence of ancillary authority which all courts possess as an incident of their existence as a court to protect their respective jurisdictions *otherwise conferred.*" (emphasis added).

■ Accordingly, although this Court has the authority to provide extraordinary relief in a case over which it *potentially* will have appellate jurisdiction, this is not such a case. From final convictions by ordinary special courts-martial, the only avenue of appellate relief is that which petitioner has taken under Article 69, Uniform Code of Military Justice. There is no provision for a further appeal to this Court, and we are certain that if the Congress had intended this Court to review actions taken by The Judge Advocate General on Applications for Relief under Article 69, it would have so indicated when it extensively revised the Uniform Code of Military Justice, including Article 69, in the Military Justice Act of 1968, P.L. 90–632 (82 Stat. 1335).

■ We are not unmindful that the United States Court of Military Appeals, in *United States v. McPhail,* 24 U.S.C.M.A. 304, 52 C.M.R. 15, 1 M.J. 457 (1976), entertained and, moreover, granted a petition for extraordinary relief, directing a Judge Advocate General to vacate a conviction as authorized by Article 69 in a case which could not otherwise have been reviewed by that court because no bad-conduct discharge was adjudged. Although recognizing limits on its authority, the Court of Military Appeals nevertheless determined that its position as the "highest court in the military justice system" vested it with "jurisdiction to require compliance with applicable law from all courts and persons purporting to act under . . . [the] authority [of the UCMJ]." We question the validity of such a broad assertion of jurisdiction by the United States Court of Military Appeals. In any event, we do not find any similar legislative intention or judicial contemplation applicable to the Courts of Military Review. Instead we find our authority limited to those cases over which jurisdiction is statutorily granted by the Uniform Code of Military Justice.

It is, therefore, by the Court, Ordered: that said petition be, and the same is, hereby dismissed.

FOR THE COURT:
(s) JAMES D. KEMPER, JR.
    Clerk of Court