UNITED STATES, Appellee,

v.

Private (E–2) David A. CLARK, SSN 540–70–9855, United States Army, Appellant.

CM 436102.

U. S. Army Court of Military Review.

12 July 1978.

Colonel Robert B. Clarke, JAGC, Major. Benjamin A. Sims, JAGC, Captain D. David Hostler, JAGC, and Captain Michael P. La-Haye, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain James W. Hewitt, Jr., JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant, contrary to his pleas, was convicted of arson and housebreaking in violation of Articles 126 and 130, Uniform Code of Military Justice (UCMJ), (10 U.S.C. §§ 926 and 930). He received an approved sentence that included a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances and reduction to the grade of Private (E–1).

Among several assignments of error, appellant alleges that the trial judge committed prejudicial error by (1) advising court members that he was convinced that the appellant's pretrial statement was voluntary, and (2) by failing to instruct the court on alleged uncharged misconduct. We do not find any prejudicial error was committed in this case and affirm appellant's conviction for the reasons hereafter set forth.

### I

The military judge held an Article 39(a) hearing prior to trial to determine the admissibility of the appellant's pretrial statements. After examination of all relevant witnesses, he ruled that the questioned statement was admissible and made other appropriate findings.

Upon convening of the court-martial with members, the trial counsel in an opening statement advised the court that he would produce appellant's statement as proof of the charged offense. The military judge interrupted the trial counsel's statement and advised him not to speak concerning the appellant's statement. He then advised the court to disregard trial counsel's comments as they would ultimately decide whether the appellant had made an admission.

After testimony on the issue of appellant's pretrial statement was presented to the court-martial, the trial judge noted the trial defense counsel's objection to the introduction and admission of the contested statement and allowed counsel argument on the issue. At the conclusion of the argument the trial judge instructed the court as follows:

"Now, for the record, I am going to make a ruling, now, and I will give you further instructions, in just a moment, as to what it means. But I want to state that I am convinced, and find that the statement was not obtained or induced by the use of a threat, promise, inducement, duress, or physical or mental abuse, amounting to coercion, unlawful influence, or unlawful inducement.

And I find that, prior to making the statement, the person who took the statement was subject to the Uniform Code of Military Justice, and, indeed, advised the accused, of: The nature of the offense of which he was suspected or accused; that he had the right to remain silent; that any statement he made may be used as evidence against him in a criminal trial; that he had the right to consult with Counsel, and to have Counsel present with him, during questioning; and that he could retain Civilian Counsel at his own expense, or, if he wanted, Military Counsel would be appointed for him, at no expense to him.

And, after being so ari—so advised, the accused freely, knowingly, intelligently, and specifically waived his right to the assistance of Counsel, and the right to remain silent.

Now, that is my ruling, and the statement will be read to you, in just a moment. But you are advised, that my ruling, receiving into evidence Prosecution Exhibit 2, which is a pretrial statement of the accused, is final, only on the question of admissibility. In other words, I am just determining that it's admissible, now. It's—and it's placed before you Members of the Court.

I do not decide the issue of voluntariness. You will have to decide that it is voluntary, and, in other words, this issue of voluntariness is a factual matter for your consideration, which you must decide, bearing in mind that the Prosecution has the burden of proof, to establish the voluntariness of this statement, beyond a reasonable doubt. Each of you, in your deliberations upon the Findings of guilt or innocence, will have to come to your own conclusion, as to whether this statement was voluntary. You must not be influenced by my ruling, in any way, because you, alone, have the independent responsibility for deciding this issue.

Now, you may accept the statement as evidence, only if you, yourselves, determine, beyond a reasonable doubt, that the statement was voluntary. Otherwise, you must reject the statement, and disregard it as evidence in the case.

And you have to be satisfied, that the accused did not make the statement, for the purpose of—of obtaining permission to leave. In other words, the accused, upon questioning, said that he signed the statement, only for—in order that he might be able to leave. Well, you have to be satisfied, beyond a reasonable doubt, that he did not sign the statement for that particular reason.

Now, if you are satisfied, beyond a reasonable doubt, that the statement was voluntary, as I will explain this term to you later, you must consider the evidence regarding the circumstances under which the statement was made, in determining what weight, if any, you will give to the statement.

Now, as I say, I'll advise you in greater detail, during our final instructions, but you understand, at this time, that the statement which the Prosecutor is about to read to you is admissible. But, in addition to my admitting it, you have to be satisfied, beyond a reasonable doubt, that he made it voluntarily. Is that clear? [No audible response.] All right. Trial Counsel, you may read the statement to the court. Prosecution Exhibit 1—just hand it to the court. [The Trial Counsel complied.] And Prosecution Exhibit 2—hand it, later, but just read the statement of the accused, to the court."

Prior to findings, the trial judge again instructed the court on the voluntariness issue, using the standard instructions set forth in paragraphs 5–3 through 5–6, Department of the Army Pamphlet 27–9, Military Judge's Guide.

The thrust of appellate defense counsel's position is that the trial judge's findings on the defense motion which were stated in the presence of the court members denied the appellant an effective determination of the voluntariness issue beyond a reasonable doubt, as the trial judge's disclosures influenced the court members to presume the voluntariness and truthfulness of the statement without individually making such a determination beyond a reasonable doubt.

*Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), established that an accused has a due process right to object at some stage of a criminal proceeding to the issue of an alleged involuntary confession and to have a fair hearing and reliable determination on the issue of voluntariness uninfluenced by the truth or falsity of the confession.

The foregoing constitutional requirement is implemented in military law through paragraphs 57*g*(1) and (2), and 140*a*(2) of the Manual.[1] Paragraph 57*g* provides in part, that at the request of the defense, the military judge should hear arguments on matters concerning the admissibility of a pretrial statement of the accused out of the

---

1. Manual for Courts-Martial, United States, 1969 (Revised edition).

hearing of the members of the court.[2] That paragraph further provides that if it appears to the military judge that an offer of proof, preliminary evidence or argument with respect to the admissibility of offered evidence, or any other proceeding not requiring the presence of the members may contain matters prejudicial to the rights of the accused or the Government, he should exclude the members of the court during those proceedings. The seventh paragraph of 140a (2) concerning admissibility of confessions further references a reader to the above set forth rules in the previously cited paragraph.

Appellate defense counsel has further brought to our attention the preface instructions set forth in Department of Army Pamphlet 27–9 (The Military Judge's Guide), relating to admissibility of pretrial statements which provide that a trial judge's specific factual findings should be announced only during an out-of-court hearing or a side-bar conference.[3]

■ In military law, an inexact instruction does not require reversal of an otherwise valid conviction if there is no fair risk that the instruction misled the court members.[4] However, if the instruction is inconsistent and the court members are advised on two different standards, one of which is incorrect, proper consideration of the issue is impossible and reversal is required.[5]

■ Here, the military judge did not specifically state to the court that he found the appellant's in-custody statement voluntary.

2. The trial judge's preliminary ruling on the admissibility of a confession is an interlocutory ruling and the standard applied is by a preponderance of the evidence. On the other hand, the court's consideration of the voluntariness issue is based upon the standard that they must individually be convinced beyond a reasonable doubt.

3. These sample instructions and information relating to their use in trials by courts-martial as set forth in Department of the Army Pamphlet 27–9, are advisory only. However, it appears that a majority of the Federal Circuit Courts have held that it is error for the trial judge to disclose to the jury his findings on the issue of voluntariness decided at an out-of-court hearing. *See United States v. Standing

However, he did state to the court that "appellant's statement was not obtained or induced by the use of threat, promise, inducement, duress, or physical or mental abuse, amounting to coercion, unlawful influence or unlawful inducement." In addition, he stated that the appellant, after being advised of his rights, "freely, knowingly, intelligently, and specifically waived his right to the assistance of counsel, and the right to remain silent."

The foregoing statements should not have been made before the court because of the possibility that they would influence the members in their determination of the issue of voluntariness. Thus, the trial judge erred in announcing his findings in open court. We must measure the impact of those statements for prejudice.

The preliminary instruction which included the extemporaneous improper comments also included a statement that the military judge was only determining the issue of admissibility. He then instructed clearly that the issue of voluntariness was solely a factual matter for the court's consideration. He further advised the court "you must not be influenced by my ruling in any way because you alone have the independent responsibility for deciding the issue."

Further, at a later point in the trial following the receipt of all the evidence, the trial judge gave the standard instructions set forth in the Military Judge's Guide which clearly outlined each court member's responsibility to determine for himself the issue of the voluntariness and the weight, if any, to be given to such statement.

Soldier, 538 F.2d 196 (8th Cir. 1976); *United States v. Bear Killer*, 534 F.2d 1253 (8th Cir. 1976); *United States v. Fayette*, 388 F.2d 728 (2d Cir. 1968); *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965). The rationale adopted by those courts is that disclosure places upon the in-custody statements the imprimatur of the court which, it must be presumed, influences the jury.

4. *United States v. Cotton*, 13 U.S.C.M.A. 176, 32 C.M.R. 176 (1962), and the cases cited therein.

5. See *United States v. Williams*, 3 M.J. 12 (C.M.A.1977), and the cases cited therein.

We believe and hold that the instructions when "fairly read" as a whole clearly show that each court member was adequately instructed that he must individually determine the issue of voluntariness without regard to the ruling of the trial judge. We do not believe that the trial judge's improper comments tainted the court members' findings. Accordingly, we find no prejudice.

## II

Appellant further alleges that the trial judge erred in failing to give *sua sponte* instructions on uncharged misconduct in three instances based upon defense induced testimony.

First, appellant states that during the direct examination of PFC Weiderhold, testimony was adduced that appellant was in "bad shape" from drinking an "awful lot" of Canadian whiskey. Later a PFC Turner described the appellant's condition as "drunk". Also, a SP4 Myers observed the appellant sleeping and attempted to wake him without success and smelled the odor of alcohol upon the person of the appellant. Appellant also testified that he drank the majority of a bottle of "Old MacNaughton's."

In the second instance, in describing the appellant's activities on the evening of the alleged arson, PFC Turner described the condition of the appellant at the time they arrived at their barracks from the party they were attending some hours before the· alleged arson and stated that the appellant was going up the stairs in barracks with "his stuff" and upon being questioned as to why the appellant was going up the stairs, the witness replied that they were going to have an alert the next day and that the appellant wanted no part of it.

In the final allegation, appellant's counsel alleges that on redirect examination of the appellant, he asked him what he was thinking when he first observed the fire in the orderly room. The appellant responded that he was not happy to see the fire as the orderly room contained his "discharge papers." He explained that he had been told the papers had been returned to the orderly room and he desired to be discharged from the Army on a Chapter 13 discharge.[6] Appellate defense counsel allege that the court members inferred that appellant had been guilty of other misconduct in order to qualify for an unsuitability discharge.

Military practice follows the general rule that evidence of other offenses or acts of misconduct of an accused is not admissible as tending to prove his guilt, for ordinarily this evidence would be useful only for the purpose of raising an inference that an accused has the disposition to do acts of the kind charged or criminal acts in general.[7]

There are several exceptions to the general rule which permit uncharged misconduct to be admitted in evidence under limited circumstances.[8] In each instance where such misconduct is properly admitted in evidence, the military judge is required to give *sua sponte* instructions regarding the limited purpose under which it is admitted into evidence.[9] However, no instruction is required where the extraneous acts occurred immediately prior to, contemporaneous with, or immediately subsequent to the criminal acts charged and were so intermingled with the crime alleged as to form an inseparable transaction.[10] The reason a *sua sponte* instruction is not required under the foregoing circumstances is that the uncharged misconduct that is directly connected with the charged offense does not have the tendency to create the "bad person"

---

6. Chapter 13, AR 600–200, administrative elimination from the service based upon unsuitability.

7. *See* paragraph 138g, Manual, *supra; United States v. Thomas,* 1 M.J. 397 (C.M.A.1976).

8. Paragraph 138g, Manual, *supra.*

9. *United States v. Grunden,* 2 M.J. 116 (C.M.A. 1977); *United States v. Tucker,* 17 U.S.C.M.A. 551, 38 C.M.R. 349 (1968).

10. *United States v. Tobin,* 17 U.S.C.M.A. 625, 38 C.M.R. 423 (1968); *United States v. Daniels,* 37 C.M.R. 878 (A.F.B.R.1963).

perception in the eyes of the finder of fact.[11]

The alleged misconduct complained of here fails to qualify for a *sua sponte* instruction for several reasons. First, the alleged drunkenness of the appellant was so interwoven with the charged offense of arson that it was inseparable for all practical purposes.

The statement of the appellant that he did not desire to participate in a possible forthcoming alert did not constitute misconduct. We view the appellant's statement as that of a soldier grousing with regard to his duties—a condition which is not uncommon and is found in all armies of the world. We do not believe the court would perceive the comment as misconduct.

Lastly, appellant's complaint of misconduct with regard to his own testimony concerning his alleged forthcoming Chapter 13 discharge could hardly be classified as misconduct as that chapter contains multiple bases for discharge, only a part of which are based upon offenses under military law. As there was no indication that misconduct was the basis for discharge, we see no possibility that the court members would infer that appellant was a morally bad man. We further note that the parties did not recognize any of the foregoing allegations as uncharged misconduct at the time of trial.

In any event, with regard to any of the allegations, if such acts did constitute uncharged misconduct, we see no possibility of prejudice in this case.

The remaining allegations of error have been considered and are deemed to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge MITCHELL concur.

---

11. *United States v. Sellers,* 12 U.S.C.M.A. 262, 30 C.M.R. 262 (1961).