Specialist Five Anthony C. LITTLETON, SSN 446–58–6119, United States Army, Petitioner,

v.

Wilton B. PERSONS, Jr., Major General, United States Army, The Judge Advocate General, Respondent.

Misc. Docket No. 1979/1.
CM 433660.

U. S. Army Court of Military Review.

5 April 1979.

Donald A. Timm, Esquire, represented the petitioner before this Court.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

OPINION OF THE COURT ON PETI-
TION FOR EXTRAORDINARY RE-
LIEF IN THE NATURE OF A WRIT
OF MANDAMUS

JONES, Senior Judge:

The petitioner[1] asks this Court to review his conviction by general court-martial which was examined in the Office of The Judge Advocate General pursuant to Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869.[2] The record was not referred to this Court by The Judge Advocate General for review. A brief history of this case will aid in understanding the issues.

The petitioner was tried by general court-martial in Seoul, Korea, on three counts of assault with intent to commit murder in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was convicted of the lesser included offense of aggravated assault on each count. The court with members sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

A verbatim record of trial was required in this case,[3] but a summarized record was prepared, in the words of the staff judge advocate, "due to court reporter difficulties."[4] The convening authority in his action changed the bad-conduct discharge to confinement at hard labor for six months and reduced the total forfeitures to forfeitures of $229.00 pay per month for six months. The sentence as changed was approved and ordered executed.

The case was examined in the Office of The Judge Advocate General pursuant to Article 69, UCMJ.[5] The findings and sentence were found to be supported in law and the case was not referred to this Court for review. Subsequently the petitioner filed an application for relief with The Judge Advocate General pursuant to Article 69, UCMJ[6] contending that the findings and sentence should have been set aside and the charges dismissed or a rehearing authorized. The Judge Advocate General denied relief.

The petitioner now files this action seeking extraordinary relief.[7] Before we reach

---

1. Petitioner was discharged from the service in December 1978. He is currently represented by the individual civilian counsel who represented him at trial and in all subsequent proceedings.

2. More precisely, the petitioner asks this Court to: (a) direct The Judge Advocate General to refer the record of trial in this case to this Court; (b) direct The Judge Advocate General to appoint counsel to represent him before this Court and upon any appeal from these proceedings; (c) direct preparation of a verbatim transcript of the trial; and (d) set aside the findings and sentence and authorize a rehearing or order the charges dismissed.

3. Paragraph 82b, Manual for Courts-Martial, United States, 1969, (Revised edition).

4. Paragraph 7, Post-Trial Review.

5. Art 69. Review in the office of the Judge Advocate General
 Every record of trial by general court-martial, in which there has been a finding of guilty and a sentence, the appellate review of which is not otherwise provided for by section 866 of this title (article 66), shall be examined in the office of the Judge Advocate General. If any part of the findings or sentence is found unsupported in law, or if the Judge Advocate General so directs, the record shall be re-viewed by a Court of Military Review in accordance with section 866 of this title (article 66), but in that event there may be no further review by the Court of Military Appeals except under section 867(b)(2) of this title (article 67(b)(2)). . . .

6. Art 69. . . .
 . . . Notwithstanding section 876 of this title (article 76) the findings or sentence, or both, in a court-martial case which has been finally reviewed, but has not been reviewed by a Court of Military Review may be vacated or modified, in whole or in part, by the Judge Advocate General on the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, or error prejudicial to the substantial rights of the accused.

7. Petitioner asserts the following errors as grounds for relief:
 a. Illegal and inadequate summarized record.
 b. Insufficiency of the evidence.
 c. Inadequate interpreter.
 d. Absence of necessary witness.
 e. Lack of general court-martial jurisdiction in the command.
 Except for the final jurisdictional error, these contentions have been advanced by petitioner and rejected at each stage of the court-martial proceedings (trial and appellate).

the merits of his case we must determine whether we have jurisdiction to entertain the petition.[8]

 It is now accepted that this Court, like the United States Court of Military Appeals, has authority under the All Writs Act, 28 U.S.C. § 1651(a), to ". . . issue all writs necessary or appropriate in aid of [its] . . . jurisdictions and agreeable to the usages and principles of law." *Kelly v. United States*, 1 M.J. 172 (C.M.A. 1975); *Barnett v. Persons*, 4 M.J. 934 (A.C.M.R.1978); *United States v. Montcalm*, 2 M.J. 787 (A.C.M.R.1976); *Brooks v. United States*, 2 M.J. 1257 (A.C.M.R.1976); *United States v. Draughon*, 42 C.M.R. 447 (A.C.M.R.1970).[9] Determining what is in aid of a court's jurisdiction, however, is not so well settled.

In *United States v. Snyder*, 18 U.S.C.M.A. 480, 40 C.M.R. 192 (1969), the Court of Military Appeals was asked to exercise its extraordinary writs power to review a special court-martial with a sentence that extended only to a reduction in grade. The Judge Advocate General of the Air Force had denied relief under Article 69, UCMJ. The Court of Military Appeals refused to act on the merits of the case and dismissed the petition stating that it could resort to extraordinary writs under the All Writs Act ". . . in *aid* of the exercise of our jurisdiction over cases properly before [us] or which may come [before us] eventually."

The Court pointed out that its jurisdiction was set out by Congress in Article 67 of the Code, 10 U.S.C. § 867 and that it could not enlarge the scope of that Article to include cases which Congress had not included therein.[10] As that case, a special court-martial with an *approved* sentence that only extended to a reduction in grade of a sergeant, could never come before that Court in the ordinary course of review, the extraordinary writ could in no way aid in the Court's exercise of its jurisdiction.

In a similar vein, the United States Court of Military Appeals declined to entertain a petition for extraordinary relief from an accused in confinement as a result of conviction by special court-martial where the adjudged sentence of a bad-conduct discharge had been changed by the convening authority to confinement and forfeitures. *Robison v. Abbott*, 23 U.S.C.M.A. 219, 49 C.M.R. 8 (1974). Although the case would have come within the Court of Military Appeals' jurisdiction if the convening authority had approved the bad-conduct discharge without change, once the punitive discharge was excised from the sentence at the convening authority level the basis for that Court's appellate jurisdiction never materialized. The only remaining appellate review provided by Congress was under Article 65(c), UCMJ, 10 U.S.C. § 865(c).

This Court has been confronted with the "in aid of jurisdiction" aspect of entertain-

---

**8.** Petitioner makes it clear he is appealing the Judge Advocate General's failure to refer the record to this Court for review after examination in his office under Article 69 and not his failure to grant relief upon his (petitioner's) Application for Relief under the same article.

**9.** The United States Court of Military Appeals initially avoided a flat declaration that it had All Writs power by assuming without deciding that it possessed such authority. *See United States v. Taveres*, 10 U.S.C.M.A. 282, 27 C.M.R. 356 (1959); *United States v. Buck*, 9 U.S.C.M.A. 290, 26 C.M.R. 70 (1958). Then in *United States v. Frischholz*, 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966), the Court declared that it was a court established by act of Congress within the meaning of the All Writs Act, and thus had authority to issue writs necessary and appropriate to aid in its jurisdiction. The Supreme Court of the United States has recognized such authority in the Court of Military

Appeals. *Noyd v. Bond*, 395 U.S. 683, n. 7, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969).

**10.** The Court declined to include within its scope of review ". . . those cases which Congress thought justified no remedy beyond the powers it so recently confided to The Judge Advocate General under Code, *supra*, Article 69." (Application for relief under Article 69, UCMJ.) The Court reversed itself on this point in *McPhail v. United States*, 1 M.J. 457 (C.M.A. 1976), however, and entertained an extraordinary writ to review the action of The Judge Advocate General of the Air Force under Article 69. Later in *Stewart v. Stevens*, 5 M.J. 220 (Miscellaneous Order) (C.M.A.1978), the Court apparently reverted to its prior conclusion that it lacked jurisdiction to review The Judge Advocate General's action on an Application for Relief, and therefore dismissed the petition.

ing extraordinary writs on at least two occasions. In *Barnett v. Persons, supra*, the Court dismissed a petition for extraordinary relief seeking review of The Judge Advocate General's action on an Application for Relief under Article 69, UCMJ. The Court stated:

> From final convictions by ordinary special courts-martial, the only avenue of appellate relief is that which petitioner has taken under Article 69, Uniform Code of Military Justice. There is no provision for a further appeal to this Court, and we are certain that if Congress had intended this Court to review actions taken by The Judge Advocate General on Applications for Relief under Article 69, it would have so indicated when it extensively revised the Uniform Code of Military Justice, including Article 69, in the Military Justice Act of 1968, P.L. 90–632 (82 Stat. 1335). (4 M.J. at 935).

A few weeks after *Barnett*, this Court declined to entertain a petition for extraordinary relief asking for the review under Article 66, 10 U.S.C. § 866 of a conviction by special court-martial which no longer contained a bad-conduct discharge as part of the sentence. *United States v. Williams*, 5 M.J. 779 (A.C.M.R.1978). The Court had previously reviewed the case, set aside certain findings and the sentence, and authorized alternative actions by the convening authority. The convening authority chose to dismiss certain charges and reassess the sentence, changing the discharge to confinement. In refusing to review the case, this Court stated:

> As the only appellate review now provided for in the case is under Article 65(c), rather than 66(b), UCMJ, there is no basis for future review by this Court and this petition is not properly before us. (5 M.J. at 781).

■ The principle applied in *Snyder, Robison, Barnett*, and *Williams* is applicable here. Congress has provided for the examination of the general court-martial record of trial in this case in the office of The Judge Advocate General pursuant to Article 69, UCMJ. Review by this Court is provided only "[i]f any part of the findings or sentence is found unsupported in law, or if the Judge Advocate General so directs. . . ." As the findings and sentence were not found upon examination to be unsupported in law and as The Judge Advocate General did not direct review by this Court, we have no jurisdiction for review that would be aided by issuing the extraordinary process.

■ The petitioner contends that because there was the potential for review by this Court up until the time the case was examined under Article 69 and found supported in law, and because that potential cannot be defeated by an "improper" examination of the case, we still have jurisdiction to entertain the petition. This reasoning overlooks the fact that it is The Judge Advocate General or his designee and not this Court, that determines whether the findings and sentence are supported in law and whether the case should otherwise be referred to the Court for review. Under petitioner's contention, the Congressional scheme of review would be undermined and the Court made the reviewer of all general courts-martial.

■ The fact that this case was not referred to this Court for review by The Judge Advocate General is not analogous to a lower court defeating or thwarting the appellate jurisdiction of a higher court. Petitioner's attempt to so classify the Article 69 examination of this record is inappropriate. Just as this Court has no jurisdiction to review a special court-martial unless the convening authority approves a sentence which includes a bad-conduct discharge, *Robison v. Abbott, supra; United States v. Williams, supra; Barnett v. Persons, supra*, so too do we have no jurisdiction to review a general courts-martial examined in the office of The Judge Advocate General under Article 69, UCMJ, unless The Judge Advocate General refers the case to this Court.

Accordingly, the petition for extraordinary relief in the nature of a writ of mandamus is dismissed.

Judge DeFORD and Judge LEWIS concur.