UNITED STATES, Petitioner,

v.

Charles H. DICK, Jr., Commander, JAGC, USNR–R Military Magistrate,

and

Steven R. Aveline, 355 52 8515, Seaman Recruit (E–1), U. S. Navy, Respondents.

Misc. No. 80–7.

U. S. Navy Court of Military Review.

July 2, 1980.

ORDER

On consideration of the Petitioner's Petition for Extraordinary Relief and all other pleadings filed by the Respondents and Petitioner in this matter, the Court has determined that it has jurisdiction to exercise judicial authority over the action of the Respondent Magistrate Dick ordering release of Respondent Accused Aveline from pretrial confinement. The circumstances of this case support potential jurisdiction in this Court. *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979); *Kelly v. United States*, 1 M.J. 172 (C.M.A.1975). Our initial action on 3 June 1980 staying the order of Respondent Magistrate Dick, which directed the immediate release of Respondent Accused Aveline, while ordering further pleadings to aid in our consideration of whether to vacate the order, was occasioned by the urgent representations of the United States concerning Respondent Accused Aveline's imminent release from pretrial confinement, a release scheduled within three hours of our first notice.

The Court is now informed that Respondent Accused Aveline has been referred to a general court-martial on 11 June 1980, upon a charge of premeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. The Court is further advised that arraignment was concluded before a military judge on 24 June 1980. We conclude that the most appropriate forum for review of the determination by the Respondent Magistrate regarding the legality of pretrial confinement ordered by Respondent Accused's Commanding Officer is the military judge of the general court-martial to which the case has been referred, considering the present stage of judicial proceedings. The existing facts and circumstances relevant to the issue of continued pretrial confinement can be presented and disposed of within the traditional power reposing in the trial judge. *See United States v. Lamb*, 6 M.J. 542 (N.C. M.R.1978), and cases and authorities cited therein.

It is therefore, by this Court, this 2nd day of July 1980,

ORDERED:

1. That the Petitioner's Petition for Extraordinary Relief be denied.

2. The stay of the order of release from pretrial confinement by Respondent Magistrate Dick is continued until an Article 39(a), 10 U.S.C. § 839(a) session is convened forthwith to inquire into the legality of Respondent Accused Aveline's present pretrial confinement.