Donald John POWIS, 265 39 6790, Private (E-1), U. S. Marine Corps, Petitioner,

v.

Steven COAKLEY, Captain, U. S. Navy Commanding Officer, Naval Support Activity, Naples, Italy, and his successors, and Franklin L. Nolta, Lieutenant Commander, Judge Advocate General's Corps, U. S. Navy, Staff Judge Advocate, Naval Support Activity, Naples, Italy, and his successors, and

United States, Respondents.

Misc. Docket No. 80–16.

U. S. Navy Court of Military Review.

17 Dec. 1980.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

MAJ J. DeWayne Littlejohn, USMC, Appellate Government Counsel.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF

CEDARBURG, Chief Judge:

Petitioner is currently confined at the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB) serving a sentence which included four years confinement at hard labor adjudged by a general court-martial on 5 April 1978. The record of trial, upon review by this Court of his court-martial, was returned for a new staff judge advocate's review to be prepared by a different staff judge advocate, and a new convening authority's action because of deficiencies in the staff judge advocate's review. *United States v. Powis*, 8 M.J. 809 (N.C.M.R.1980).

Petitioner was eligible and scheduled to appear before a "disposition board" at the USDB which was to consider clemency on 20 November 1980. Existing regulations, Army Regulation 90–47, U.S. Army Correctional System (1 Nov 1978), paragraph 6–14(f), prohibit clemency action prior to an initial action in the record of trial by the convening authority. Petitioner's scheduled disposition board hearing was cancelled prior to the hearing because no valid convening authority's action appears in his record.

Petitioner originally filed a petition for a writ of mandamus on 18 November 1980 to compel submission of a new post-trial advice and action before 20 November 1980. With leave of this Court he subsequently amended his petition to additionally request relief in the nature of a writ of habeas corpus, including setting aside the findings and sentence and dismissal of the charges. Oral argument was heard on 12 December.

Counsel for the respondents has represented to this Court that a new staff judge advocate's review has been completed and a copy mailed to Beaumont, Texas, to petitioner's trial defense counsel, who has, since trial, been released from active military service, for corrections, challenges and comments provided for by *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). At the hearing on 12 December, the Court was advised that such copy had not been received by trial defense counsel prior to the hearing, although a copy mailed contemporaneously to respondent's counsel had been received. Uncertainty was also expressed by petitioner's counsel as to whether the trial defense counsel was prepared or able to submit the *Goode* response because of his present civilian status, lack of a record of trial, passage of time and current level of familiarity with military law.

We determine that relief in the nature of a writ of habeas corpus, including setting aside the findings and sentence and dismissal of the charges, is not warranted under the facts of this case. The sentence to confinement which petitioner is serving was adjudged by a general court-martial and is within the maximum. Petitioner asserts that the delay in carrying out the mandate of this Court's decision has prejudiced him by denying him an opportunity to obtain clemency in the regular course of clemency and parole procedures provided for sentenced prisoners. We agree that petitioner has been prejudiced by deprivation of an inchoate right, the appearance before the board, but the extent to which a substantive right may be affected cannot be determined presently because it is a derivative both of disposition board recommendation and Naval Clemency and Parole Board ac-

tion. The course of normal review is still available for purging prejudicial effects.

We are satisfied the petitioner has clearly shown his entitlement to relief in the nature of mandamus. The delay in compliance with this Court's mandate directing a new staff judge advocate's review and a new action is inordinate. It necessitates no further latitude in allowing completion of an action requiring reasonable expedition after our decision.

Accordingly, it is, by the Court, this 17th day of December 1980, hereby ordered;

(1) That the respondent, Commanding Officer, Naval Support Activity, Naples, Italy, forthwith take his action in the general court-martial case of *United States v. Powis*; and

(2) That upon completion of the action directed above, advance copies by naval message be sent to this Court and to the Commanding Officer, Marine Detachment, United States Disciplinary Barracks, Fort Leavenworth, Kansas, to be received by 23 December 1980.

Judge SANDERS and Judge BOHLEN concur.