UNITED STATES, Appellee,

v.

Private First Class Lester H. BULLING-TON, SSN 267–29–6532 United States Army, Appellant.

SPCM 15952.

U. S. Army Court of Military Review.

26 Oct. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Charles A. Byler, JAGC, Major Raymond C. Ruppert, JAGC, and Captain Thomas R. Peppler, JAGC, were on the pleadings for the appellant (petitioner).

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Kenneth H. Clevenger, JAGC, were on the pleadings for the appellee (respondent).

Before JONES, GARN and HANFT, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF [1]

JONES, Senior Judge:

The appellant asks this Court to enforce the limitation on convening authority action

---

1. Appellant filed his pleading in the form of a motion. We will treat it as a petition for extraordinary relief.

specified in the decretal paragraph of our opinion of 7 July 1981, reflecting our initial decision in this case. In the decretal paragraph of that opinion, this Court conditionally set aside the sentence and authorized a rehearing or, in the alternative, if such a rehearing was impracticable, reassessment of the sentence and approval of one that did not include a bad-conduct discharge.[2]

The convening authority determined a rehearing was impracticable and reassessed the sentence. In his new action he first approved the sentence adjudged and then changed the bad-conduct discharge to two months confinement, making the confinement total four months. He then approved and ordered executed the sentence as changed.

The appellant argues that approval of the discharge violated the terms of this Court's opinion of 7 July 1981. The Government counters by arguing first that this Court is without jurisdiction to review the convening authority's new action because the sentence was reduced to one not reviewable here and second that appellant has suffered no prejudice and is therefore entitled to no relief in any event.

It is now accepted that the Court of Military Review, has authority under the All Writs Act, 28 U.S.C. § 1651(a) to "... issue all writs necessary or appropriate in aid of [its] ... jurisdiction and agreeable to the usages and principles of law." *Dettinger v. United States*, 7 M.J. 216 (C.M.A. 1979); *Kelly v. United States*, 1 M.J. 172 (C.M.A.1975); *Littleton v. Persons*, 7 M.J. 582 (A.C.M.R.1979); *United States v. Draughon*, 42 C.M.R. 447 (A.C.M.R.1970). An

approved sentence by special court-martial extending only to confinement at hard labor for four months and reduction in grade is not reviewable by this Court. Articles 65(b) and 66(b), Uniform Code of Military Justice, 10 U.S.C. §§ 865(b), 866(b). Thus there would be no jurisdiction to be aided by action on a petition for extraordinary relief in a case with a sentence not reviewable here. *Littleton v. Persons, supra; Barnett v. Persons*, 4 M.J. 934 (A.C.M.R.1978).

■ The reviewability of a case or the potential for review by this Court is not the only basis for entertaining a petition for extraordinary relief, however. The All Writs Act and its predecessors have long been recognized as giving courts the power "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction ...." *United States v. New York Telephone Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977). The Court of Military Appeals and the Court of Military Review also subscribe to the proposition that an appellate court has authority to insure that its orders and decisions are carried out properly. *See United States v. Hawkins*, 11 M.J. 4, 6 (C.M.A.1981); *Powis v. Coakley*, 10 M.J. 649 (N.C.M.R.1980).[3] We conclude, therefore that even though we have no jurisdiction to review the case pursuant to Article 66, UCMJ, because of the sentence finally approved, this Court does have jurisdiction to entertain appellant's pleading for extraordinary relief for the limited purpose of determining whether our prior decision was followed.

---

2. The appellant was convicted of 11 and 13-day absences without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The adjudged and approved sentence extended to a bad-conduct discharge, confinement at hard labor for two months, and reduction to Private E–1. This Court set aside the sentence because the military judge failed to advise the members that the discharge was authorized as an additional punishment only because the aggregate authorized confinement was six months. Paragraph 126c, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Nelson*, 2 M.J.

175 (C.M.A.1976) (summary disposition) and cases cited therein.

3. The Court of Military Appeals has also indicated that even after appellate review has been completed it retains authority to insure by way of extraordinary relief that a convening authority complies with an agreement with an appellant. *United States v. Mills*, 12 M.J. 1, 4 (C.M.A.1981). If a court has post-review jurisdiction to enforce compliance with a pact between the parties, it obviously also has such jurisdiction to enforce compliance with its own decisions and orders.

■ We turn now to the question of whether the convening authority complied with the decision of this Court. We conclude that he did. This Court specifically authorized reassessment of sentence if a rehearing on sentence was impracticable, with a proviso that the convening authority could not approve a bad-conduct discharge. The convening authority's approval of the discharge and its concurrent change to two additional months confinement was not contrary to that proviso. The conversion of the discharge and approval of the sentence as changed, taken in the context of the staff judge advocate's recommendation and the entire action, did not amount to an approval of the bad-conduct discharge. *Robison v. Abbott*, 23 U.S.C.M.A. 219, 49 C.M.R. 8 (1974).

■ The convening authority's action did not increase the punishment even though the confinement portion was doubled. Overall it was a lesser sentence than was imposed by the court-martial. *Robison v. Abbott, supra.* The sentence was within the limits of the special court-martial's authority to adjudge and was within the maximum authorized for the offenses. The appellant has suffered no harm requiring relief.[4]

The appellant's request for relief is denied.

Judges GARN and HANFT concur.

---

4. The appellant was not returned to confinement so we are not faced with a question of whether the four month period of confinement had expired. *See* Article 57(b), Uniform Code of Military Justice, 10 U.S.C. § 857(b).