UNITED STATES, Appellee,

v.

Private E2 John V. MONTFORD, SSN 078–48–8327, United States Army, Appellant.

SPCM 15749.

U. S. Army Court of Military Review.

28 May 1982.

Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

MITCHELL, Senior Judge:

On 18 November 1980 the appellant was placed in pretrial confinement at the di-

rection of his company commander following a series of seven absences without leave, five of which were the subject of the charges in his case, and two of which immediately preceded his initial confinement. He remained in pretrial confinement at the Philadelphia Naval Confinement Facility until 3 December when a Navy magistrate ordered him released. At an Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), session convened at 1943 hours the same date, the Government successfully moved to have appellant again ordered into pretrial confinement.

I

On appeal[1] appellant contends that the military judge sitting at the Article 39(a) session did not have the authority to review the Navy magistrate's decision ordering the appellant released from pretrial confinement. He also raises questions concerning the nature of the hearing and the standard of proof.

In *United States v. Otero*, 5 M.J. 781 (A.C.M.R.1978), this Court held that a military judge may properly reexamine an *accused's* challenge to pretrial confinement previously determined by a military magistrate. While *Otero* did not specifically decide whether the *Government* may relitigate an adverse determination as to an accused's pretrial confinement, that issue was decided by the Navy Court of Military Review in *United States v. Dick*, 9 M.J. 869 (N.C.M.R.1980). In *Dick*, the Navy Court held that orders of magistrates that direct the release of an accused from pretrial confinement are properly reviewable by the trial judge. We agree with the decision of our Navy brothers in *Dick* and hold that a trial judge may properly review a decision of a military magistrate ordering an accused released. As the court in *Dick, id.* at

---

1. Appellant was convicted of absence without leave (five specifications) and disrespect to a superior noncommissioned officer in violation of Articles 86 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 891. He was sentenced to a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $100.00 pay per month for four months and reduction to Private E–1.

869, observed, at the trial level the relevant facts and circumstances on the necessity of continued pretrial confinement can be litigated within the traditional power reposing in the trial judge. A hearing at this level is one of necessity as this will present the only effective means of presenting and disposing of the issue so as to provide meaningful appellate review. *Cf. United States v. Peters*, 1 M.J. 445 (C.M.A.1976).

■ As our decision in *Otero* suggests, and as we now hold, the moving party bears the burden at trial to establish by a preponderance of the evidence his entitlement to relief. In this case, the Government must establish that continued confinement would be lawful. Obviously at the time he ordered the appellant into pretrial confinement, the commander would have been of the view that it satisfied legal criteria, including that involving flight risk or grave threat to the community at the time of his decision. *See United States v. Heard*, 3 M.J. 14 (C.M.A.1977); *United States v. Otero, supra*. Equally obvious, by virtue of the Government's seeking a reversal of the magistrate's release order, the responsible commander would have made an updated redetermination of probable cause and current necessity for pretrial confinement that differs from that of the magistrate. As the commander is empowered to make the initial determinations subject to the magistrate's review for abuse of discretion, the judge's review is of that same commander's determination applying an abuse of discretion test.[2] Thus, the Government may meet its burden by establishing the bases for the commander's redetermination. Unless this redetermination constitutes an abuse of discretion, it will not be disturbed. Any contrary conclusion of the magistrate would therefor be erroneous and reversal thereof mandated.

■ Although not expressly requested by the appellant to do so, we have reviewed the propriety of the military judge's ruling that pretrial confinement was lawful. We conclude that the ruling was proper as the overwhelming evidence presented by the Government established that confinement was necessary to insure the accused's presence at trial. In part, this evidence included the substantial number of appellant's unsanctioned departures from his Personnel Control Facility unit, as well as the testimony of appellant's company commander that the appellant was a flight risk because lesser forms of restraint were in fact tried and found to be ineffective.

## II

■ Appellant contends that his pleas of guilty to two of the unauthorized absences were improvident because his responses during the providency inquiry raised the defense of duress. Pertaining to these absences, the appellant explained that he left his unit to straighten out an "extreme family situation" involving his brother-in-law, his sister, and his mother. As we comprehend appellant's concerns, he was not apprehensive of immediate death or serious bodily harm for his family. Rather, appellant was concerned with his brother-in-law's continued "harassment" of his family despite appellant's earlier attempts to settle the dispute. This harassment was finally resolved by the brother-in-law's apprehension by the police. As we are unable to conclude that the appellant was acting under an apprehension of immediate death or bodily harm, the defense of duress was not raised. *United States v. Pinkston*, 18 U.S. C.M.A. 261, 39 C.M.R. 261 (1969). In any

2. *DeChamplain v. Lovelace*, 23 U.S.C.M.A. 35, 48 C.M.R. 506 (1974); *Horner v. Resor*, 19 U.S.C.M.A. 285, 41 C.M.R. 285 (1970); *Levy v. Resor*, 17 U.S.C.M.A. 135, 37 C.M.R. 399 (1967). Appellant is incorrect in stating that the question for resolution is whether the magistrate abused his discretion in making his determination. Of course the trial court must determine the correctness of the magistrate's prior determination. This is accomplished by examining the action of the commander as viewed through his eyes at the time of initial confinement taking into consideration the commander's continuing responsibility to consider changes in circumstances. Thus, the question is whether the action of the commander ordering confinement is beyond the pale of reasonableness such as to constitute an abuse of his discretion.

case, we do not find the statements of the appellant sufficient to establish that his apprehension for his family's safety was well-grounded and thus require that his plea be set aside. *United States v. Logan*, 22 U.S. C.M.A. 349, 47 C.M.R. 1 (1973).

The findings of guilty and the sentence are affirmed.

Judge MILLER and Judge LEWIS concur.