Sergeant First Class Robert TALBERT, SSN 243–58–5027, United States Army, Petitioner,

v.

Lieutenant Colonel Ralph LURKER, Military Judge and The United States, Respondents.

Misc. Docket No. 1983/3.

U.S. Army Court of Military Review.

8 Dec. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, Captain Lawrence R. Hughes, Jr., JAGC, and Frank K. Martin, Esquire, represented the petitioner before the Court.

Major Joseph A. Rehyansky, JAGC, and Captain Kurt J. Fischer, JAGC, represented the respondents before the Court.

Before CLARKE, SU-BROWN and BADAMI, Appellate Military Judges.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

BADAMI, Judge:

On 17 November 1983, this Court received a petition for Extraordinary Relief in the Nature of a Writ of Mandamus requesting this Court to dismiss the charges and specifications pending against the petitioner, or in the alternative, to forbid the testimony of Staff Sergeant Coy W. Smith as a witness in petitioner's pending court-martial.

In a preliminary hearing held pursuant to Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), on 13 October 1983, petitioner made a motion to dismiss the charges on the basis that the government was privy to confidential matters prepared by the defense prior to trial, thus denying him the effective assistance of counsel. The basis for the motion arose out of a prior working relationship which existed between petitioner and his defense counsel and the defense counsel of a co-accused, J. Petitioner avers that prior to J's trial by court-martial, there was a free exchange of information (to include a photocopy of all or most of petitioner's defense file) and strategies between petitioner, his counsel and J's counsel (Mr. K). The purpose was to prepare an effective cross-examination of the key government witness, Staff Sergeant Smith. J. was tried first, and acquitted. Shortly thereafter, Staff Sergeant Smith

(who was also pending trial by court-martial) discharged his counsel and retained Mr. K, the counsel who represented J. at his court-martial. Petitioner further avers that after being retained by Staff Sergeant Smith, Mr. K. initiated conversations with petitioner, without providing notice to petitioner or his counsel of his new interest in the case.

The government provided testimonial immunity to Staff Sergeant Smith to testify at petitioner's Article 32 hearing, and his pending court-martial. Petitioner characterizes this action as overreaching on the part of the government, and a denial of his right to the effective assistance of counsel. Petitioner has not averred any facts showing prosecutorial misconduct or any attempt by the prosecution to intentionally take an improper or inappropriate advantage over petitioner. To the contrary, petitioner's counsel stated at the preliminary hearing on 13 October 1983, that he was "not ascribing any misconduct of the government." The military judge denied petitioner's motion. On 18 October 1983, the military judge granted a defense request for a continuance so as to allow petitioner time to seek review of the judge's interlocutory ruling by extraordinary writ. During an in-chambers meeting between counsel and this Court, additional matters were brought to our attention.

We have determined that there is nothing to demonstrate that this case constitutes an extraordinary cause which would justify the exercise of a writ of mandamus by this Court.

This Court possesses such extraordinary writ authority as is embodied in the "All Writs Act," 28 U.S.C. § 1651. *Barnett v. Persons,* 4 M.J. 934 (A.C.M.R.1978). The writ of mandamus has traditionally been used in federal courts to "confine an inferior court to a lawful exercise of its prescribed jurisdiction ... only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305, 310 (1967) (and cases cited

therein). It is not designed to be a tool to control the discretion of the trial judge. This is not an appropriate case to inject our review upon the judge's interlocutory ruling. The facts of this case do not constitute an exceptional circumstance which would justify appellate review before final judgment has been rendered. To do otherwise would encourage piecemeal appellate litigation in a criminal case. *See Will v. United States, supra;* and *Dettinger v. United States,* 7 M.J. 216 (C.M.A.1979).

It is, therefore, by the Court, Ordered: that said petition be, and the same is, hereby dismissed.

Senior Judge CLARKE and Judge SU-BROWN concur.