**Specialist Robert S. DAVIS, 467–29–2568, United States Army, Petitioner,**

v.

**The UNITED STATES of America, Respondent.**

**ACMR MISC 9201338.**

U.S. Army Court of Military Review.

11 Aug. 1992.

For Petitioner: Lieutenant Colonel James H. Weise, JAGC, Major Fran W. Walterhouse, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Respondent: Lieutenant Colonel Joseph A. Russelburg, JAGC, Captain Gary A. Khalil, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

OPINION OF THE COURT ON PETITION FOR EXTRAOR-
DINARY RELIEF

De GIULIO, Senior Judge:

Petitioner was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of wrongful distribution and use of hashish, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ]. He was sentenced to one month confinement, a reprimand, and reduction to Private E–1. The convening authority approved the sentence. As required by law, Petitioner's case was reviewed under the provisions of Article 69(a), UCMJ, 10 U.S.C. § 869(a), and was found legally sufficient. Petitioner now asks this court for extraordinary relief to "vacate the findings, dismiss the charges and overturn the conviction."

At petitioner's trial, an issue of command influence was litigated. After hearing evidence on the issue, the military judge found no unlawful command influence and denied the motion. Petitioner's request for extraordinary relief is based upon this issue. After receiving the petition, this Court specified the issue of whether this Court has jurisdiction to entertain the petition.[1] We conclude that we have jurisdiction but deny the requested relief.

In *Littleton v. Persons*, 7 M.J. 582 (A.C.M.R.1979), this Court held that it had no jurisdiction under the All Writs Act[2] to review a general court-martial which was reviewed under Article 69(a), UCMJ. Later, in determining "whether either the Court of Military Review or [the Court of Military Appeals] has jurisdiction to entertain [a] petition for extraordinary relief" in a special court-martial not qualifying for review under Article 66(b), UCMJ, the Court of Military Appeals held that it had jurisdiction. *Unger v. Ziemniak*, 27 M.J. 349, 351 (C.M.A.1989). The Court stated:

> Our power to grant extraordinary relief in [these cases] allows the accused to obtain judicial review of constitutional claims without being required to undertake expensive collateral attack in the

Article III courts. Availability of extraordinary judicial relief within the military justice system reinforces 'the "integrated" nature of the military court system,' *see McPhail v. United States*, 1 M.J. 457 at 462 (C.M.A.1976),....

*Unger*, 27 M.J. at 354. This same reasoning applies to this Court. We hold that we have jurisdiction to entertain the petition for extraordinary relief in the case before us.[3]

Having found jurisdiction to entertain the petition, we do not believe it should be exercised in this case. *See Unger*, 27 M.J. at 355 and 359 (Cox J., concurring). At trial the military judge heard evidence on the motion and made extensive findings of fact. He concluded that unlawful command influence did not affect petitioner's case and denied the motion. We find no reason to disturb his ruling.

The Petition for Extraordinary Relief is dismissed.

Judge HAESSIG concurs.

ARKOW, Judge, concurring in the result:

I agree with the majority that petitioner is not entitled to relief by this Court.

1. Article 66(b), UCMJ, 10 U.S.C. § 866(b), provides:

    The Judge Advocate General shall refer to a Court of Military Review the record in each trial by court-martial—
    (1) in which the sentence, as approved, extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more; and
    (2) except in the case of a sentence extending to death, the right to appellate review has not been waived or an appeal has not been withdrawn under section 861 of this title (article 61).

    In the Army, other cases are reviewed in the Office of the Judge Advocate General by the Examinations and New Trials Division under the provisions of Article 69, UCMJ. Article 69(a) provides:
    The record of trial in each general court-martial that is not otherwise reviewed under section 866 of this title (article 66) shall be examined in the office of the Judge Advocate General if there is a finding of guilty and the accused does not waive or withdraw his right to appellate review section 861 of this title (article 61)....

Article 69(b) provides for review of courts-martial not otherwise reviewed under Articles 66 and 69 upon application of the accused. Article 69(d) provides that the Court of Military Review may review cases reviewed under Article 66(a) and (b) when sent to the Court by the Judge Advocate General.

2. 28 U.S.C. § 1651.

3. Our concurring brother would impose limits on our jurisdiction to entertaining writs for extraordinary relief. In *Unger* the Court of Military Appeals interpreted its power to order extraordinary relief by stating that "Congress never intended that this Court sit by helplessly while courts-martial are misused in disregard of an accused servicemember's rights under the Constitution *or the Uniform Code.*" 27 M.J. at 355 (emphasis added). That language would apparently cover any prejudicial error. Although we believe that *Unger* overruled *Littleton* and that series of cases, we need not determine the outer limits of our jurisdiction to dispose of the case now before us. We leave that task for future cases.

The Uniform Code of Military Justice [hereinafter UCMJ] establishes a system of review for trials by courts-martial. Article 69, UCMJ, limits the review of cases in which review is not otherwise required by a Court of Military Review under Article 66, UCMJ.[1] In such cases review is limited to an examination of the record of trial in the Office of the Judge Advocate General to determine whether "any part of the findings or sentence is found to be unsupported in law or if reassessment of the sentence is appropriate...." Article 69(a), UCMJ. Article 69 limits review by a Court of Military Review only to those cases which are subject to action by and referred to it by the Judge Advocate General.

In *Barnett v. Persons*, 4 M.J. 934 (A.C.M.R.1978), this Court held:

> From final convictions by ordinary special courts-martial, the only avenue of appellate relief is that which petitioner has taken under Article 69, Uniform Code of Military Justice. There is no provision for a further appeal to this Court, and we are certain that if Congress had intended this Court to review actions taken by The Judge Advocate General on Applications for Relief under Article 69, it would have so indicated when it extensively revised the Uniform Code of Military Justice, including Article 69, in the Military Justice Act of 1968, P.L. 90–632 (82 Stat. 1335).

*Id.* at 935. Considering the applicability of the All Writs Act, 28 U.S.C. § 1651, the Court concluded it was without jurisdiction to consider the case. In *Littleton v. Persons*, 7 M.J. 582 (A.C.M.R.1979), the rule enunciated in *Barnett* was applied to a general court-martial, again concluding that the All Writs Act did not confer jurisdiction where there has been final review under Article 69. Neither *Barnett* nor *Littleton* involved constitutional claims.

In *United States v. Snyder*, 40 C.M.R. 192 (C.M.A.1969), the Court of Military Appeals was asked to exercise its extraordinary writ power to review a special court-martial conviction that was reviewed pursuant to Article 69, UCMJ. It concluded that as the case could never come before the Court in the ordinary course of review, an extraordinary writ could in no way aid in the Court's exercise of its jurisdiction. The Court concluded that "We cannot by judicial fiat enlarge the scope of our appellate review to embrace those cases which Congress thought justified no remedy beyond the powers it so recently confided to the Judge Advocate General under [Article 69, UCMJ]."[2] *Id.* at 195; *accord, Robison v. Abbott*, 49 C.M.R. 8 (C.M.A.1974).

As an exception to the general rule that extraordinary writ petitions will not be heard to review courts-martial that are final, the Court of Military Appeals has held on a number of occasions that it:

> ... is not powerless to accord relief to an accused who has palpably been denied constitutional rights in any court-martial; and that an accused who has been deprived of his rights need not go outside the military justice system to find relief in the civilian courts of the Federal judiciary.

*United States v. Bevilacqua*, 39 C.M.R. 10, 12 (C.M.A.1968).

The majority opinion concludes that *Unger v. Ziemniak*, 27 M.J. 349 (C.M.A.1989), overrules the line of cases that includes *Littleton, Barnett*, and *Snyder, supra*. I disagree.

The basis of the *Unger* decision leaves no doubt that the reason the Court concluded that they had extraordinary writ power was because Unger's claim involved a constitutional right. The Court stated:

> We are convinced that, from the outset, Congress has never intended to allow evasion of the safeguards provided to servicemembers by the Constitution and the Uniform Code. If, however, this

---

**1.** Article 66, UCMJ, generally provides for an appeal to this Court in cases where the approved sentence includes death, a punitive discharge, or confinement for one year or more.

**2.** The opinion in *Snyder* has been criticized as being too narrowly focused because it unnecessarily limits the courts' ability to grant relief in situations affecting the constitutional rights of servicemembers. *See McPhail v. United States*, 1 M.J. 457, 462 (C.M.A.1976). I agree.

Court lacked jurisdiction to grant extraordinary relief in cases like this, it would be easy to bypass those safeguards.... Congress never intended that this Court sit by helplessly while courts-martial are misused in disregard of an accused servicemember's rights under the Constitution or the Uniform Code. Accordingly ... we have jurisdiction to grant extraordinary relief.

*Unger*, 27 M.J. at 355.

To extend the *Unger* decision to all cases where review is final under Article 69, UCMJ, contrary to the holdings in *Littleton* and *Barnett* would, in essence, create an unnecessary additional review of courts-martial through the extraordinary writ avenue. This was never intended and we should not have such an expansive interpretation of the *Unger* decision in deciding this case when it is not necessary to do so. That is not to say that a violation of a constitutional right is the only situation where the Court should entertain an extraordinary writ. Those cases should be addressed if they are before this Court, not in this case.

I would limit the holding to a conclusion that a petitioner is entitled to an extraordinary writ in a case where an Article 69, UCMJ, review has been completed only when the petitioner asserts a violation of Constitutional protection. Here, petitioner claims unlawful command influence which, if true, is a violation of his due process right to a fair and impartial trial. Thus, we should hear the petition. Having examined the allegations and reviewed the record I would also deny the petition.